ORIGINAL

FLORENCE T. NAKAKUNI   #2286
United States Attorney
District of Hawaii

THOMAS J. BRADY
Chief, Major Crimes Section

TRACY A. HINO   #3202
Assistant U.S. Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone: (808) 541-2850
Facsimile: (808) 541-2958
E-mail:  Tracy.Hino@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JAN 11 2013

at ___ o'clock and ___ min ___ M
SUE BEITIA, CLERK



SEALED
BY ORDER OF THE COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | MAG. NO. 13-0032 KSC |
| | ) | |
| Plaintiff, | ) | CRIMINAL COMPLAINT; |
| | ) | AGENT'S AFFIDAVIT |
| VS. | ) | |
| | ) | |
| YUN HUA TU, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**CRIMINAL COMPLAINT**

I, the undersigned complainant being duly sworn state

the following is true and correct to the best of my knowledge and

belief.

**COUNT 1**

On or about April 18, 2012, in the District of Hawaii, YUN
HUA TU, Defendant, in a matter within the jurisdiction of the
judicial branch of the United States, knowingly subscribed as

true, a false statement with respect to a material fact in an application required by immigration laws or regulations prescribed thereunder, to wit, the Defendant stated, while under oath, to an Immigration Officer in connection with his application for naturalization, that he had been married once when, in fact, he had been married twice to XIAO YING CHENG and MEI YING GONG, in violation of Title 18 USC 1546(a).

### COUNT 2

On or about April 18, 2012, in the District of Hawaii, defendant YUN HUA TU, in a matter within the jurisdiction of the judicial branch of the United States, knowingly subscribed as true, a false statement with respect to a material fact in an application required by immigration laws or regulations prescribed thereunder, to wit, the Defendant stated, while under oath to an Immigration Officer in connection with his application for naturalization, that he did not have any children when, in fact, he did have a daughter, in violation of Title 18 USC 1546(a).

### COUNT 3

On or about April 18, 2012, in the District of Hawaii, defendant YUN HUA TU, in a matter within the jurisdiction of the judicial branch of the United States, knowingly subscribed as true, a false statement with respect to a material fact in an application required by immigration laws or regulations prescribed thereunder, to wit, the Defendant stated, while under oath to an Immigration officer in connection with his application for naturalization, that he had never given false or misleading information to any U.S. Government official while applying for any immigration benefit when, in fact, he stated to an immigration officer that he was married once when, in fact, he had been married twice and did not have any children when, in fact, he did have a daughter, all in violation of Title 18 USC 1546(a).

I further state that I am a Special Agent of the Department of Homeland Security, U.S. Immigration and Customs Enforcement (ICE), Homeland Security Investigations (HSI) and that this Complaint is based upon the facts set forth in the

2

following affidavit which is attached hereto and made part of this complaint by reference.

DATED: Honolulu, Hawaii, January 11, 2013

_____
MURRAY P. ACOSTA
SPECIAL AGENT, HSI

Sworn and subscribed before me, this
11th day of January, 2013.

_____
KEVIN S.C. CHANG
UNITED STATES MAGISTRATE JUDGE

3

## AGENT'S AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

MURRAY P. ACOSTA, after being duly sworn, deposes and states as follows:

1. I am a duly appointed Special Agent ("SA") with the Department of Homeland Security, U.S. Immigration and Customs Enforcement ("ICE"), Homeland Security Investigations ("HSI"), and have been employed as such since March 2006. I am currently assigned to the ICE Office of the Special Agent in Charge, Honolulu, Hawaii ("SAC Honolulu"), and investigate all laws related to Customs and Immigration. During my employment with HSI, I completed 23 weeks of intensive training, to include the Criminal Investigator Training Program and the ICE Special Agent Training Program, at the Federal Law Enforcement Training Center ("FLETC") in Glynco, Georgia. As a Special Agent, I have received classroom and on the job training, to include but not limited to, theft and fraud investigations, collecting and processing of evidence, criminal investigative techniques, immigration law, customs law, money laundering, drug and firearm trafficking, interviews and interrogation, criminal law including search and seizure, and the identification of controlled substances.

2. The information in this affidavit is based on my personal investigation and information provided by U.S. Citizenship and Immigration Services (hereinafter "CIS").

3. This Affidavit is submitted in support of a Criminal Complaint for YUN HUA TU (hereinafter referred to as the "Defendant") for violations of Title 18, United States Code, Section 1546(a).

4. Investigators have uncovered the following facts in relation to the instant case to date:

CIS informed a Special Agent (SA) of HSI that, on or about May 5, 2011, the Defendant submitted an Application for Naturalization (Form N-400) to the National Benefits Center of CIS so that he could obtain his United States Citizenship. CIS, Fraud Detection & National Security (FDNS), Immigration Officers in Honolulu, Hawaii informed that materially factual information was entered or left off of this form; specifically, the Defendant did not disclose his marriage to XIAO YING CHENG and the existence of their minor child. CIS provided the following timeline of events to HSI to assist in this investigation:

CHRONOLOGY OF EVENTS

09/07/92 – Defendant and XIAO YING CHENG marry in China.

XX/XX/95 – Daughter of Defendant and XIAO YING CHENG is born.

12/29/95 – Defendant and XIAO YING CHENG divorce in China.

04/13/04 – Defendant and MEI YING GONG marry in China.

05/02/04 – Defendant signed a Biographic Information (Form G-325) on this date.  This form was submitted with Petition for Alien Relative (Form I-130) on which the defendant claimed that he was married only one time, to MEI YING GONG.

05/19/04 – MEI YING GONG filed a Petition for Alien Relative (Form I-130) for Defendant; Form I-130 stated that the Defendant was married only one time, to MEI YING GONG, and he did not have any children.

06/20/04 – Defendant signed Biographic Information (Form G-325) on this date.  This form was submitted with a Petition for Alien Fiancé(e) (Form I-129F) on which the Defendant claimed that he was married only one time, to MEI YING GONG.

07/19/04 – Petition for Alien Fiancé(e) (Form I-129F) filed by MEI YING GONG on behalf of the Defendant so that he could receive a K-3 non-immigrant visa.  Form I-129F stated that the Defendant was married only one time, to MEI YING GONG, and he did not have any children.

12/07/04 – Petition for Alien Relative (Form I-130) was approved.

03/28/05 – Defendant submitted an Application for Immigrant Visa and Alien Registration (Form DS-230) to the U.S. Embassy in Guangzhou.  On Form DS-230, the Defendant claimed that he was married only one time, to MEI YING GONG, and that he did not have any children.

09/21/05 – Defendant confirmed his claims on Form DS-230 during his interview with a Consular Officer.

11/01/05 – Defendant was granted an immigrant visa by the U.S. State Department and entered the United States at the Honolulu, Hawaii Port of Entry (POE) as a CR-1 conditional resident on this date.

2

09/17/07 – Defendant and MEI YING GONG submitted Petition to Remove Conditions of Residence (Form I-751) as a joint petition and claimed both of MEI YING GONG's children, from her previous marriage, as their only children.

09/25/07 – Defendant and MEI YING GONG file for divorce with the Family Court of the First Judicial Circuit, State of Hawaii.

11/01/07 – Divorce was finalized.

01/24/08 – Petition to Remove Conditions of Residence (Form I-751) is approved by CIS.

05/06/11 – Defendant submitted an Application for Naturalization (Form N-400) with CIS.  On Form N-400 the defendant claimed that he was married only one time, to MEI YING GONG, and did not have any children.

REVIEW OF FORM N-400, U.S. NATURALIZATION TEST,
AND SWORN STATEMENT WITH CIS

5.    On April 18, 2012, the Defendant appeared for his Naturalization interview before CIS Honolulu, located on the 5th Floor of 500 Ala Moana Boulevard, Honolulu, Hawaii 96813.  A HSI Special Agent (SA) arrived at the CIS Honolulu Office and identified the Defendant in the waiting room.  An Immigration Services Officer (ISO) escorted the Defendant from the waiting area to the interview room to review his Application for Naturalization (Form N-400), to take the U.S. Naturalization Test, and submit a SWORN STATEMENT:

The ISO reviewed the information entered on the Defendant's Form N-400 with the Defendant.  The ISO placed a red ink check mark next to the specific information on the form to indicate that the information was reviewed with the Defendant.  If there was a discrepancy on the form, the ISO would write the correct answer or write a comment next to the answer in red ink.

Among the information that was reviewed with the Defendant, the ISO reviewed question A of Part 8, which was read as follows:

"How many times have you been married (including annulled marriages)?"

The Form N-400 showed that the Defendant entered the number "1"

3

as his answer; indicating he had been married one (1) time.  The ISO wrote in red ink the following note:  "states no others"; re-verifying that the Defendant had only been married once.

The ISO also reviewed question A. of Part 9 which was read as follows:

"How many sons and daughters have you had?"

The Form N-400 showed that the Defendant entered the number "0" as his answer; indicating that he did not have any children.  The ISO wrote in red ink next to the number "0" the following note: "none in US or China"; indicating that the Defendant stated he had no children in the United States or China.

The ISO reviewed question number 23 of the Form N-400 which was read as follows:

"Have you **ever** given false or misleading information to any U.S. Government official while applying for any immigration benefit or to prevent deportation, exclusion, or removal?"

The Form N-400 showed the defendant placed a check mark in the box corresponding with the answer "No."  The ISO placed a red check mark next to this "No" answer; indicating the ISO reviewed this question and the "No" answer with the Defendant.

On the last page of the Form N-400, in Part 13, the Defendant affixed his signature; swearing (affirming) to the information entered on the entire Form N-400.  The ISO placed her signature as the subscriber of the Defendant's attestation.  The Defendant swore to the following:

"I swear (affirm) and certify under penalty of perjury under the laws of the United States of America that I know that the contents of this application for naturalization subscribed before me, including corrections numbered 1 through 19 and the evidence submitted by me numbered pages 1 through -, are true and correct to the best of my knowledge and belief."

6.   The ISO then administered the Naturalization Test on the Defendant.  As a condition of this test, an interpreter was not utilized.  The Defendant passed the "U.S. History and Government (Civics)" and "English – Writing" tests.

7.   The ISO then began the SWORN STATEMENT by placing the

4

Defendant under oath. The following is an excerpt taken from the beginning portion of the SWORN STATEMENT:

> "Q: I am an officer of the United States Citizenship and Immigration Service, authorized by law to administer oaths and take testimony in connection with the enforcement of the Immigration and Nationality laws of the United States. I want to take your sworn statement regarding your N-400 application. Are you willing to answer my questions at this time?
> A: Yes
>
> Q: Before we start, I must place you under oath. Please stand and raise your right hand. Do you swear that all the statements you are about to make will be the truth, the whole truth, and nothing but the truth?
> A: Yes
>
> Q: At the end of the interview, you will be given an opportunity to review your answers for truthfulness and accuracy. If you wish to make any changes to your answers, you will be given the opportunity to do so after being placed back under oath. Do you understand?
> A: Yes
>
> Q: If you give false testimony in this proceeding you may be prosecuted for perjury. If you are convicted of perjury, you can be fined $2,000.00 or imprisoned for not more than five years, or both. Do you understand?
> A: Yes"

After placing the Defendant under oath, the ISO obtained an interpreter for the SWORN STATEMENT; after doing so, the Defendant and interpreter spoke with each other to assure that they understood one another. The interview commenced. The ISO asked the Defendant a number of questions including the following:

> "Q: How many times have you been married?
> A: Once.
>
> Q: Where were you married?
> A: In Jiang Xi Province, China.
>
> Q: When were you married?
> A: March 25, 2004
>
> Q. Have you ever been married to anyone else besides Mei Ying?

5

A.  No

Q: Did you understand all the questions that I asked you so far?
A:  Yes.

Q. Did you understand everything the interpreter said to you?
A. Yes

Q: Are all your answers you provided so far true and correct?
A:  Yes."

The ISO continued her interview with the Defendant.  The ISO asked Defendant about whether or not he had any children:

"Q: How many children (total) do you have?
A:  None.

Q. Do you have any children anywhere, in China or elsewhere?
A. No

Q: Do you have any adopted children?
A:  No

Q. Do you have any adopted children anywhere, in China or elsewhere?
A.  No

Q: Do you have any step-children anywhere?
A:  No

Q: Did you understand all the questions that I asked you so far?
A:  Yes

Q: Are all your answers you provided so far true and correct?
A:  Yes

Q. Have you understood everything the interpreter said to you?
A. Yes

The ISO continued to question the Defendant:

"Q. Did you complete your N-400 application yourself?

6

      A.  Yes.

      Q. Did you sign the N-400 application?
      A. Yes

      Q. Is this your signature (shown to applicant)?
      A.  Yes"

At the conclusion of the Question (Q) & Answer (A) portion of the SWORN STATEMENT, the ISO instructed the Defendant to write his initials at the bottom of pages 1 to 7 of the SWORN STATEMENT; indicating that he had reviewed each page and had made, if any, changes to his statement.

Page 6 of the SWORN STATEMENT showed the following passage:

"I have read (or have had read to me) the foregoing statement, consisting of 7 pages.  I state that the answers made therein by me are true and correct to the best of my knowledge and belief and that this statement is a full, true, and correct record of my interrogation on the date indicated by the above-named officer of the U.S. Citizenship and Immigration Services.  I have initialed each page of the statement (and the corrections) noted on pages 1 through. 7"

At the end of this passage, the Defendant signed his name, attesting/swearing to the information entered thereon from pages 1 through 7.  The ISO signed her name next as the interviewer, subscriber and swearer of the statement.

NON-CUSTODIAL INTERVIEW OF DEFENDANT
AT THE AQUA PALMS HOTEL

8.    On June 29, 2012, two (2) CIS, FDNS, Officers and (2) HSI Special Agents (SAs) interviewed the Defendant in the lobby of the Aqua Palms Hotel, located at 1850 Ala Moana Boulevard, Honolulu, Hawaii 96815; among the HSI SAs was a Mandarin speaking and writing interpreter.  The Defendant was told that the interview was voluntary but agreed to still speak with investigators.  All interviewers showed their badge and credentials for the Defendant to observe and inspect.  The Defendant was advised to tell the truth.  During this interview, the Defendant stated the following:

The Defendant stated that he considers XIAO YING CHENG (hereinafter CHENG) as his girlfriend.  The Defendant calls

7

CHENG, "Wendy."  He met CHENG in 2007 through his work at Galaxy Tours in Honolulu, Hawaii.  He and CHENG have been living together since 2008.

The Defendant stated that he entered the United States in 2005 as he was petitioned for by his ex-wife, MEI YING GONG (hereinafter GONG).  The Defendant related he was never married before his marriage to GONG nor did he have any children before his marriage to GONG.

The Defendant stated that he lived at 1813 Waiola Street, Honolulu, Hawaii 96826 with GONG, GONG's mother, and GONG's two children.  The Defendant did not know if CHENG ever lived at the said address.

The Defendant stated that CHENG's daughter was 16-years-old and was not his daughter.  The Defendant repeated that CHENG's daughter was not his "blood daughter" [or biological daughter].  He added that he never adopted QI TU and never claimed QI TU was his daughter.

A HSI SA reviewed Form I-130 with the Defendant.  The Defendant initialed a copy of the Form I-130 that GONG filled out on his behalf, attesting to its truthfulness.

A HSI SA reviewed Form DS-230 with Defendant.  While reviewing this form, the Defendant stated he had no children and had only been married to GONG and never before.  The Defendant initialed a copy of the Form DS-230, attesting to the information entered thereon.

HSI SA reviewed Form N-400 with Defendant; specifically, the portion relating to Defendant's prior marriage(s) and if he had any children.  The Defendant indicated he had been married only one (1) time and had no children.

A Mandarin speaking HSI SA translated the following Form N-400 question to Defendant:

> "Have you **ever** given false or misleading information to any U.S. Government official while applying for any immigration benefit or to prevent deportation, exclusion, or removal?"

The Defendant answered no to this question.  The Defendant stated he has never given any false information.  The Defendant initialed a copy of this form, attesting to its truthfulness.  He affirmed his signature on page 10 of this form.  He further

8

stated that he filled out the entire Form N-400 by himself.

A HSI SA reviewed Form I-129F, filed on subject's behalf by GONG; specifically, the portion relating to Defendant's prior marriage(s) and if he had any children.  The Defendant responded he has not had any previous marriage or any children.  The Defendant initialed a copy of this form, attesting to its truthfulness.

A HSI SA reviewed the April 18, 2012 SWORN STATEMENT with the Defendant.  The Defendant related he remembered swearing to tell the truth and raising his hand, claiming that he had been married only one time and does not have any children, and having an interpreter during this portion of the interview.  The Defendant dated and initialed a copy of the SWORN STATMENT, attesting that he remembered the information entered on the SWORN STATEMENT.

A HSI SA then presented the Defendant with his daughter's birth certificate.  HSI SA reviewed the said certificate with the Defendant.  The Defendant related he met CHENG in China and that CHENG's daughter is his daughter.  The Defendant also related that he married CHENG in 1992 and has never given any money to anyone so that he could immigrate to the United States.

A HSI SA asked if the Defendant wanted to submit a sworn statement, at which time the Defendant requested that he wanted an attorney present for the remainder of the interview.  The interview of the Defendant concluded at that time.

9.    Based on the foregoing, and on my training and experience, I believe probable cause exists that on or about April 18, 2012, in the District of Hawaii, YUN HUA TU, an alien, appeared before the United States Citizenship and Immigration Services in Honolulu, Hawaii, knowingly subscribed under oath as true, false statements with respect to a material fact in his Application for Naturalization (Form N-400), indicating (1) he was married only once when, in fact, he has been married twice, (2) does not have a child of his own when he does have a daughter, and (3) had never given false or misleading information to any U.S. Government official while applying for any immigration benefit when he has.  All in violation of Title 18, United States Code, Section 1546(a).

9

FURTHER AFFIANT SAYETH NAUGHT

_____
MURRAY P. ACOSTA
SPECIAL AGENT, HSI

This Criminal Complaint and Agent's Affidavit in support thereof were presented to, approved by, and probable cause to believe that the defendant above-named committed the charged crime found to exist by the undersigned Judicial Officer at 2:10 p.m. on January 11, 2013.

Subscribed and sworn to
before me this January 11, 2013.

_____
KEVIN S.C. CHANG
UNITED STATES MAGISTRATE JUDGE
DISTRICT OF HAWAII

10